NO. 07-07-0127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 25, 2007
_____

JERRY WAYNE HILL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT NO. ONE OF TARRANT COUNTY;

NO. 1007370D; HONORABLE SHAREN WILSON, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Jerry Wayne Hill, appeals from his conviction for driving while intoxicated, enhanced to a felony, and sentence of two years incarceration in the Institutional Division of the Texas Department of Criminal Justice.  The appellate record was due in this case by June 26, 2007.  The clerk's record was filed on June 27, 2007.  Neither the reporter's record nor a motion for extension of time to file the reporter's record was filed with this court by June 26, 2007.  On July 5, 2007, this court directed the court reporter by letter "to

advise the Court of the status of the reporter's record on or before Monday, July 16, 2007."

To date, no response has been received by the court.

Accordingly, we abate this appeal and remand the cause to the Criminal District Court Number One of Tarrant County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  why the reporter's record has not been filed,

2.  when the reporter's record can reasonably be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving the appellant of his right to appeal, and

3.  whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the clerk of this court on or before August 24, 2007. Should further time be needed by the trial court to perform these tasks, then same must be requested before August 24, 2007.

It is so ordered.

Per Curiam

2